UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

        Plaintiff,                         Case Number 17-12435
                                                 Honorable David M. Lawson

v.

BRUCE U. MORROW,
MICHAEL J. TALBOT, and
ROBERT P. YOUNG JR.,

        Defendants.
_____/

## **OPINION AND ORDER DISMISSING COMPLAINT**

      The plaintiff has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against three Michigan state court judges, alleging he was denied due process when the trial court dismissed his fourth motion for relief from judgment. The state trial judge rejected the petition in part because it was precluded by Michigan Court Rule 6.502(G), which forecloses filing successive motions for relief from judgment. The Michigan Court of Appeals and Michigan Supreme Court affirmed the trial court's dismissal. The plaintiff argues that Rule 6.502(G)'s ban on successive motions for relief from judgment under all but limited circumstances violated his rights under the Due Process Clause. He seeks injunctive relief, asking the Court to direct the defendants to provide him a hearing to address the jurisdictional defects raised in his motion.

      On August 21, 2017, Magistrate Judge R. Steven Whalen entered an order granting the plaintiff's application to proceed without prepaying fees or costs under 28 U.S.C. § 1915(a)(1). Section 1915(e)(2)(B), however, requires that the Court screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive initial

screening, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court must screen for colorable merit every prisoner complaint filed against any state official or government entity. 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). The Court finds the complaint is without merit and that it ought to be dismissed.

I.

In 1979, the plaintiff was convicted in the Detroit Recorder's Court of first-degree murder, armed robbery, and possession of a firearm during the commission of a felony. He is presently incarcerated on the murder and firearm convictions. The plaintiff's convictions were affirmed on direct appeal. *People v. Scott,* No. 48265 (Mich. Ct. App. Jan. 27, 1981). The plaintiff then filed three separate motions for relief from judgment. The first motion was granted in part; the plaintiff's armed robbery conviction — which formed the predicate offense for the felony-murder conviction — was vacated on the ground that it was a double-jeopardy violation, but the motion was denied in all other respects. The trial court also denied the plaintiff's second and third successive motions for relief from judgment, as well as a subsequent motion to reconsider the denial of his third successive motion.

In 2013, the plaintiff filed a pleading styled "Petition to Vacate the Conviction — Constructual Procedure Error," which the trial court interpreted as a fourth successive motion for relief from judgment. The motion alleged six jurisdictional defects. The trial court concluded that

Michigan Court Rule 6.502(G) foreclosed the plaintiff's arguments, and even if it did not, the motion failed to raise a cognizable claim of error. *Ibid.* The Michigan Court of Appeals dismissed the plaintiff's application for leave to appeal, finding that none of the exceptions found in Rule 6.502(G)(20) were applicable. The Michigan Supreme Court summarily denied the plaintiff's motion on appeal.

II.

The plaintiff's complaint is based on 42 U.S.C. § 1983, which allows a person to bring a civil action for damages against another who, under color of state law, deprives that person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. When screening the case, the Court is mindful that a complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).

Michigan Court Rule 6.502(G)(1) limits a Michigan prisoner to one post-conviction motion for relief from judgment unless the motion is based upon a retroactive change in law or a claim of new evidence. Mich. Ct. R. 6.502(G)(1)-(2). The plaintiff argues that the state court erred in applying the bar to successive motions for relief from judgment to his successive motion because

he was convicted before the Rule's effective date. That argument is a non-starter. The relevant time period for application of the rule is the date the motion was filed, not the date of the conviction. *Cf. Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997) (holding that the Antiterrorism and Effective Death Penalty Act applies to those habeas petitions filed after its enactment). He also contends that the rule unconstitutionally limits prisoners' access to state post-conviction relief.

It is not clear that the plaintiff raised and lost those arguments before the Michigan courts. If he did and now seeks a reversal of those rulings, his claim is barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine denies federal jurisdiction to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). This Court lacks subject-matter jurisdiction over the plaintiff's challenge to the state court's decision that Rule 6.502(G)'s limitation are unlawful.

The plaintiff's challenge to the general constitutionality of Rule 6.502(G), rather than to the rule's application to his state case, is not barred by *Rooker-Feldman*. *See Carter v Burns*, 524 F.3d 796, 798-99 (6th Cir. 2008) (holding that the *Rooker-Feldman* doctrine did not bar plaintiff's facial challenge to the constitutionality of Tennessee's collateral review statutes); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) ("The *Rooker-Feldman* doctrine . . . does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's

application in a particular state case.") (internal quotation marks omitted). This Court has jurisdiction over that claim.

But the plaintiff's challenge to the constitutionality of Michigan Court Rule 6.502(G) on due process grounds is meritless. A prisoner's right to due process arises "only if a restriction implicates a constitutionally protected liberty interested." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). There is no federal constitutional right to direct appeal or post-conviction proceedings in state court. *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 402 (2001) (noting that "each State has created mechanisms for both direct appeal and state post-conviction review, even though there is no constitutional mandate that they do so") (internal citations omitted); *see also Jergens v. Brigano*, 201 F.3d 440 (Table), 1990 WL 1204804, *3 (6th Cir. Dec. 9, 1999) ("[T]here is no constitutional right to any state post-conviction process at all . . . ."). Therefore, no federal due process rights arise from Michigan's collateral review procedures. *Lynch-Bey v. Worthy*, No. 2:17-cv-372034, 2017 WL 372034, *3 (E.D. Mich. Jan. 26, 2017); *see also Boles v. Jackson*, No. 14-14074, 2015 WL 3967559*, *2 (E.D. Mich. June 30, 2015) (dismissing section 1983 complaint raising due process challenge to Michigan's post-conviction collateral review proceedings because "there is no constitutional right to state post-conviction review"); *Carter v. Burns*, No. 3:07-0597, 2008 WL 4525422, *9 (M.D. Tenn. Oct. 2, 2008) ("[T]he plaintiff cannot support a claim that Tennessee's post-conviction/collateral review statutes violate his constitutional rights where no right to post-conviction/collateral review exists in the first place."). The plaintiff has not stated a claim upon which relief may be granted under section 1983.

Perhaps a greater obstacle for the plaintiff is that each of the defendants — state court judges all — are entitled to absolute judicial immunity. Judges are absolutely immune from civil rights

suits for money damages when acting in a judicial capacity unless they act in the clear absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Whether an action is "judicial" depends on the "'nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,'" and "'the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). A judge's acts do not become non-judicial simply because they are erroneous or "in excess of his authority"; if that were the case, then "any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Id.* at 12. Injunctive relief against a judicial officer is also foreclosed under 42 U.S.C. § 1983 "unless a declaratory decree was violated or declaratory relief was unavailable." *Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003).

The conduct challenged by the plaintiff in this case arises from the defendants' application of Rule 6.502(G) to his case. This conduct was well within the scope of defendant Judges Morrow's, Talbot's, and Young, Jr.'s judicial capacity and was not done in absence of jurisdiction. Nor does the plaintiff allege a violation of a declaratory decree. The plaintiff is not entitled to declaratory relief because there is no justiciable controversy between a judge acting as a "disinterested judicial adjudicator" and a party to the lawsuit. Declaratory relief is not "unavailable" simply because a party is not entitled to such relief. *Cooper v. Rapp*, --- Fed. App'x ---, 2017 WL 3142321, *5 (6th Cir. July 25, 2017). The defendants, therefore, are immune from suit.

## III.

The complaint fails to state a plausible claim for relief, and the defendants are absolutely immune from suit. The complaint therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: December 12, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI